2024 IL App (1st) 220056

FIFTH DIVISION
MARCH 22, 2024

No. 1-22-0056

_____

IN THE
APPELLATE COURT OF ILLINOIS
FIRST JUDICIAL DISTRICT

_____

| | | |
|---|---|---|
| BUCHANAN ENERGY (N) LLC, | ) | Appeal from the |
| | ) | Circuit Court of |
|   Plaintiff-Appellee and Cross-Appellant, | ) | Cook County. |
| | ) | |
|  v. | ) | No. 20 L 50500 |
| | ) | |
| THE COUNTY OF COOK, an Illinois County, THE | ) | |
| COOK COUNTY DEPARTMENT OF | ) | |
| ADMINISTRATIVE HEARINGS, and THE COOK | ) | Honorable |
| COUNTY DEPARTMENT OF REVENUE, | ) | John J. Curry Jr., |
|   Defendants-Appellants and Cross-Appellee. | ) | Judge Presiding. |

_____

JUSTICE LYLE delivered the judgment of the court, with opinion.
Presiding Justice Mitchell and Justice Mikva concurred in the judgment and opinion.

**OPINION**

¶ 1  On January 24, 2017, the defendants-appellants, the Cook County Department of Revenue (the Department) and County of Cook, issued two notices of tax determination and assessment against the plaintiff-appellee, Buchanan Energy (N) LLC (Buchanan North), pertaining to failures to pay the gasoline tax and diesel fuel tax. On September 28, 2020, the Department of Administrative Hearings issued a written ruling, finding that Buchanan North owed Cook County approximately $69,632.73 for unpaid gasoline tax and $4,366.06 for unpaid diesel fuel tax. Buchanan North appealed the administrative decision to the circuit court. The circuit court

reversed the order in part and vacated in part, finding that Buchanan North was only responsible for taxes on the fuel delivered to Buchanan Energy (S) LLC (Buchanan South). The defendants, County of Cook and the Department, filed their notice of appeal. After the defendants filed their notice of appeal, Buchanan North filed their notice of a cross-appeal. On appeal, defendants argue that the Department of Administrative Hearings correctly concluded that Buchanan North was liable for failing to collect Cook County's fuel tax. On cross-appeal, Buchanan North argues that the circuit court erred by finding a taxable transaction occurred when fuel was transferred to Buchanan South. For the reasons that follow, we affirm the judgment of the circuit court of Cook County and vacate the order of the ALJ.

¶ 2                                    I. BACKGROUND

¶ 3     Buchanan North has been a registered distributor of gasoline and diesel fuel in Cook County since 2011. The Department performed an audit of the fuel tax paid by Buchanan North between January 1, 2009, through August 31, 2016, even though it had not begun operations during the first couple of years of the timeframe of the audit. At the end of the audit, on January 24, 2017, the Department issued two notices of tax determination and assessment with one pertaining to gasoline tax and the other to a diesel fuel tax. In the notices, the Department included an assessment of the taxes owed as well as interest, late payment penalties, and willfulness or negligence penalties. For the gasoline notice, the Department sought $84,144.63, along with interest and penalties, totaling $182,677.05. With respect to the diesel fuel notice, the Department sought $4,366.06, along with interest and penalties, totaling $8,620.04. In response to the notices, on February 9, 2017, Buchanan North filed a written protest and petition for hearing.

¶ 4     On November 29, 2018, an administrative law judge (ALJ) of the Department of Administrative Hearings heard testimony from witnesses which continued on three other days,

ending on September 23, 2019, along with receiving documentary evidence and affidavits. In the hearings, the ALJ received evidence that Steven Buchanan owned several business entities, including Buchanan North and Buchanan South. Buchanan North was a registered distributor in Cook County and distributed gasoline and diesel fuel to various gas stations in Cook County, including those owned by Buchanan North and Buchanan South. Mr. Buchanan also owns another business entity called Buck's, Inc. of Collinsville (Buck's), which was created under Illinois law. Buck's employed the individuals working at Buchanan North and Buchanan South. Using their own tanker trucks, Buck's also picked up gasoline and diesel fuel from Buchanan North's storage facilities, which are also known as terminals, and distributed that fuel to gas stations across Cook County.

¶ 5     Cook County, through the Cook County Retail Sale of Gasoline and Diesel Fuel Tax Ordinance (Ordinance) (Cook County Ordinance No. 11-O-19 (approved Feb. 16, 2011) (codified at Cook County Code of Ordinances § 74-470 *et seq.* (approved Feb. 16, 2011))), imposes a tax of six cents per gallon on the retail sale of gasoline or diesel fuel in Cook County. While the tax is designed to ultimately be imposed upon the consumer, the distributor collects the tax from the retail dealer[1] upon delivery. The distributor then remits that payment to the Department. The retail dealer is compensated when the fuel is sold to the consumer by including the six-cents-fuel per gallon tax to the fuel cost. If a distributor does not collect the tax from a retail dealer, the retail detailer is required to remit payment to the Department "within 30 days of the receipt of such gasoline or diesel fuel."

---

[1]Retail dealer means "any person who engages in the business of selling gasoline, diesel fuel, biodiesel fuel, or gdiesel fuel in the County to a purchaser for use or consumption and not for resale in any form." Cook County Code of Ordinances § 74-471 (approved Feb. 16, 2011).

¶ 6    Buchanan North did not dispute the aforementioned process and claimed that it followed the process to the best of its understanding and guidance. Buchanan North argued that—though Buchanan North, Buchanan South, and Buck's were separate legal entities—they were part of a "unitary-business structure." As a result, when Buck's picked up fuel from Buchanan North's terminal, no fuel tax was paid. When the fuel was delivered by Buck's to a gas station owned by Buchanan North or Buchan South, no fuel tax was collected. Buchanan North collected the fuel tax on the retail level from the Buchanan North and Buchanan South gas stations and remitted the tax to the Department. By contrast, when Buck's delivered fuel to other gas stations in Cook County, Buchanan North, as a distributor, collected the fuel tax from these gas stations as part of the sale of fuel to them.

¶ 7    The Department, in its audit, determined that Buchanan North should have collected the fuel tax on all gasoline and diesel fuel delivered to Cook County gas stations owned by Buchanan North or Buchanan South at the time of delivery. Buchanan North stated that Buchanan South and Buchanan North gas stations did not pay for fuel deliveries because they are part of the same business entity.[2] The Department required distributors to remit the fuel tax using tax forms created by the Department, and the instructions accompanying the tax forms required distributors to enter beginning and ending fuel inventories of fuel. There was no indication that the Department told Buchanan North that terminals were expected to document beginning and ending fuel inventories, but distributors were not. This distinction was not published and was part of internal guidance of the Department to assess fuel tax deficiencies. The Department's

_____

[2]Buchanan North and Buchanan South share a legal department, marketing team, and use a "single process for auditing and internal financial analysis."

auditor told Buchanan North to disregard the line on the tax forms regarding beginning and ending inventories.

¶ 8    The ALJ found that the Department assessed interest and penalties, even though Buchanan North followed the Department's instructions, completed the Department's tax forms in accordance with the instructions, and remitted the tax amount obtained from completing the tax forms. The ALJ found that all fuel taxes were paid for by Buchanan North. The ALJ stated the primary question was whether Buchanan North was required to collect the fuel tax as the distributor when delivering fuel to the gas stations owned by Buchanan North and Buchanan South but operated by Buck's. The ALJ answered in the affirmative. The ALJ concluded that Buck's was a retail dealer since it was a separate legal entity from Buchanan North and it operated Buchanan North's and Buchanan South's Cook County gas stations. It asserted that

> "when Buchanan North, a Cook County distributor, delivered gasoline and diesel fuel to Buck's, a Cook County retail dealer, there was a transfer of possession of gasoline and diesel fuel from Buchanan North to Buck's that took place for each and every delivery at each and every station Buck's operated."

That transfer constituted a sale under the Ordinance, which triggered Buchanan North's obligation, as a distributor, to collect and remit the tax to the Department. Buchanan North did not remit the tax as a distributor. The ALJ rejected Buchanan North's argument of a unitary business structure since it failed to acknowledge that Buck's was a separate legal entity, and it ignored the plain language of the Ordinance which does not recognize such a distinction under as a unitary-business structure.

¶ 9    However, the ALJ acknowledged that due to issues with the Department's tax forms, even if Buchanan North had tried to remit payment for the gas stations operated by Buck's, they

would not have been able to do so using the Department's tax forms. Due to the Department's elimination of beginning and end values for distributors, Buchanan North would not be able to complete the form as instructed, which would have exposed them to penalties for submitting non-conforming filings. As a result, the ALJ did not find support for assessing Buchanan North with interest and fines. Ultimately, the ALJ upheld the fuel tax deficiencies but vacated the interest and penalties in the notices.

¶ 10   On October 30, 2020, Buchanan North filed a complaint in the circuit court of Cook County for review of the administrative decision by the Department of Administrative Hearings. On December 13, 2021, the circuit court entered a written order. In the order, the court found that, while Buck's worked in and ran the day-to-day operations of the gas stations owned by Buchanan North and Buchanan South, it did not receive the payment from the sale of fuel. Instead, the payment went to the owners of the gas stations, Buchanan North and Buchanan South. As a result, the court ruled that Buck's was not a retail dealer. The circuit court stated that since Buck's was not a retail dealer, when Buchanan North transferred the fuel to Buck's, there was no sale pursuant to the Ordinance. The court reasoned that Buck's was working as an employee for Buchanan North when it transferred fuel to various gas stations. However, the court found that, when Buchanan North had fuel delivered to Buchanan South, it was a sale pursuant to the Ordinance because they are two separate entities and Buchanan South was a retail dealer. Since there was a sale, Buchanan North was required to collect the fuel tax from Buchanan South and remit that tax to the Department. The court vacated the order in part and remanded the matter back to the Department of Administrative Hearings to calculate the amount owed for the sales to Buchanan South. On January 11, 2022, the defendants filed a notice of appeal. On January 21, 2022, Buchanan North filed a cross-notice of appeal.

¶ 11                              II. ANALYSIS

¶ 12    We note that we have jurisdiction to consider these matters, as the defendants and Buchanan North filed timely notices of appeal following the trial court's judgment. See Ill. S. Ct. R. 301 (eff. Feb. 1, 1994); R. 303 (eff. July 1, 2017).

¶ 13    On appeal, the defendants argue that the trial court erred when it reversed in part and vacated in part the ALJ's order because the transfer of fuel to Buck's constituted a sale.

¶ 14    This court reviews the decision of the administrative agency, not the judgment of the circuit court. *Hoffman v. Orland Firefighters' Pension Board*, 2012 IL App (1st) 112120, ¶ 18. "On administrative review of an agency decision, a court may encounter three types of questions, each with different degrees of deference." *Marathon Petroleum Co. v. Cook County Department of Revenue*, 2022 IL App (1st) 210635, ¶ 24. This court will reverse the factual conclusions of an administrative agency only if they are against the manifest weight of the evidence. *Cinkus v. Village of Stickney Municipal Officers Electoral Board*, 228 Ill. 2d 200, 210 (2008). "An administrative agency's factual findings are against the manifest weight of the evidence if no trier of fact could have agreed with the agency or an opposite conclusion than that reached by the agency is clearly evident." *In re Fatima A.*, 2015 IL App (1st) 133258, ¶ 58. "An agency's findings and conclusions on questions of fact are deemed *prima facie* true and correct, and a reviewing court will not overturn those findings unless they are against the manifest weight of the evidence." *Marathon Petroleum Co.*, 2022 IL App (1st) 210635, ¶ 25. However, an agency's findings on questions of law are reviewed *de novo*. *Marathon Petroleum Co.*, 2022 IL App (1st) 210635, ¶ 25. Mixed questions of law and fact are reviewed under the clearly erroneous standard, and a reviewing court finds a decision clearly erroneous when it "is left with the definite and firm conviction that a mistake has been committed." (Internal quotation marks omitted.) *Cinkus*, 228 Ill. 2d at 211.

¶ 15 "A tax is hereby imposed on the retail sale in Cook County of gasoline, diesel fuel, biodiesel fuel, and gdiesal fuel at the rate of $0.06 per gallon or fraction thereof." Cook County Code of Ordinances § 74-472(a) (approved Feb. 16, 2011). Taxable transactions are defined in section 74-472(c) of the Cook County Code of Ordinances (Cook County Code of Ordinances § 74-472(c) (approved Feb. 16, 2011)), which states that:

> "Except as provisions are made in this Article for the collection of the tax levied in this Article upon the sale of gasoline, diesel fuel, biodiesel fuel and gdiesal fuel in the possession of distributors or retail dealers on the effective date of the ordinance from which this Article is derived, the tax levied in this Article shall be collected by each distributor or supplier who sells gasoline, diesel fuel, biodiesel fuel, or gdiesal fuel to:
>
> > (1) A retail dealer doing business in the County;
> >
> > (2) A consumer who purchases gasoline, diesel fuel, biodiesel fuel or gdiesal fuel directly from a Gas Distributor for delivery in the County; or
> >
> > (3) Another Gas Distributor doing business in the County that is not holding a valid registration certificate."

¶ 16 The terms "sale" or "selling," as defined by the ordinance, mean "any transfer of ownership or possession or both, exchange or barter, conditional or otherwise, in any manner or by any means whatsoever. In every case where gasoline, diesel fuel, biodiesel, or gdiesal fuel are exchanged, given, or otherwise disposed of, it shall be deemed to have been sold." Cook County Code of Ordinances § 74-471 (approved Feb. 16, 2011). Gas distributor means "any person who either produces, refines, blends, compounds, or manufactures gasoline or diesel fuel in this County or transports or has transported gasoline or diesel fuel into this County or receives gasoline, diesel

fuel or biodiesel fuel in Cook County on which this tax has not been paid." Cook County Code of Ordinances § 74-471 (approved Feb. 16, 2011). Buchanan North was a registered gas distributor in Cook County and also operated a terminal where it stored fuel. This fuel was then retrieved by Buck's using their own trucks and shipped to various gas stations in Cook County, including ones owned by Buchanan South and Buchanan North, which were operated by Buck's employees. The ALJ ruled that the operation of these gas stations made Buck's a retail dealer. To ascertain whether Buck's was a retail dealer, we must look to the plain language of the Ordinance. *Bank One Milwaukee v. Sanchez*, 336 Ill. App. 3d 319, 323 (2003).

¶ 17    A retail dealer is a person engaged in the business of selling gasoline or diesel fuel for use or consumption. Cook County Code of Ordinances § 74-471 (approved Feb. 16, 2011). Under a narrow reading of that section, Buck's employees were selling gasoline and diesel fuel. However, when looking at the language of "engages in the business of selling gasoline" and considering the context of the Ordinance, it does not apply to an individual or entity who is only incidentally involved in the sale of fuel, but someone who is holding themselves out as a seller of fuel. *Svithiod Singing Club v. McKibbin*, 381 Ill. 194, 200 (1942). Here, though Buck's employees "operate" the gas stations, Buck's did not ultimately receive the revenue generated from the gas stations. Moreover, Buck's did not hold itself out as the entity owning the gas stations, as the gas stations were owned by Buchanan North and Buchanan South. Buchanan North and Buchanan South sent personnel to check on Buck's employees and to perform various tasks, such as marketing, accounting, retail inventory, pricing, and information technology. In *Svithiod Singing Club*, 381 Ill. at 199, our supreme court used Meriam-Webster Dictionary's definition of "business," stating it is " 'any particular occupation or employment, habitually engaged in, especially for livelihood or gain.' " While Buck's employees worked in the gas stations, Buck's received no financial

benefit and did not gain anything from the retail sale of the fuel. For the aforementioned reasons, we find it was against the manifest weight of the evidence for the ALJ to conclude that Buck's was a retail dealer, as "no trier of fact could have agreed with the agency." *In re Fatima A.*, 2015 IL App (1st) 133258, ¶ 58.

¶ 18 Buchanan North also asks this court to reverse the finding of the circuit court that there was a violation with respect to fuel transferred to Buchanan South. Its argument centers around the single unitary business model and the fact that the fuel tax was paid on all retail consumer purchases of fuel. In our review of the Ordinance, there is no support for creating different obligations for companies based solely on the intertwined nature of their business construction. All three entities were separately incorporated limited liability corporations (LLC), and nothing within the Ordinance addresses particular business structures as opposed to their business activities.

¶ 19 Buchanan North also argues that, even if a sale occurred to Buchanan South, fuel taxes were collected and paid at the point that the gas was sold to consumers, and thus, it complied with the ordinance. As stated, the businesses, Buchanan North and Buchanan South, were two different entities. Both businesses operated as retail dealers, while Buchanan North served the dual role of distributor and retail dealer.

¶ 20 The tax obligations for Buchanan North's gas stations differed from those of Buchanan South's gas stations because Buchanan North operated as both distributor and retail dealer. As a result, when Buchanan North's gas stations sold the gas, the fuel tax was collected when consumers bought fuel, as there was no taxable transaction before the fuel reached the consumer. However, the transfer of fuel between Buchanan North, as a distributor, and Buchanan South, as a retail dealer, constituted a sale or taxable transaction, on which the tax must be paid. See Cook County

Code of Ordinances § 74-472(c)(1) (approved Feb. 16, 2011).

¶ 21    Though Buchanan North paid the taxes for the fuel actually purchased by consumers at Buchanan South, there was still a tax obligation that the Ordinance created at the point of sale from a distributor to a retail dealer. Buchanan North was responsible for paying taxes on *all* the fuel provided to Buchanan South, including fuel that Buchanan South lost the ability to sell, due to evaporation or spillage. As pointed out by the ALJ, the Ordinance requires distributors to pay the fuel tax and not solely rely on retail dealers to pay the tax to account for the difference in the amount of fuel sold to the consumer and the amount of fuel provided to a retail dealer. Cook County Code of Ordinances § 74-472(c)(1) (approved Feb. 16, 2011). Therefore, we find that the trial court did not err by finding that Buchanan North owes fuel taxes for the transactions with Buchanan South. On remand, the ALJ will be responsible for assessing the proper amount of taxes owed by Buchanan North.

¶ 22                                    III. CONCLUSION

¶ 23    For the foregoing reasons, we affirm the judgment of the circuit court of Cook County and remand the proceedings back to the ALJ for proceedings consistent with this order.

¶ 24    Affirmed and remanded.

---

*Buchanan Energy (N) LLC v. County of Cook*, 2024 IL App (1st) 220056

---

| | |
|---|---|
| **Decision Under Review:** | Appeal from the Circuit Court of Cook County, No. 20-L-50500; the Hon. John J. Curry Jr., Judge, presiding. |

---

| | |
|---|---|
| **Attorneys for Appellant:** | Kimberly M. Foxx, State's Attorney, of Chicago (Cathy McNeil Stein and Jonathon D. Byrer, Assistant State's Attorneys, of counsel), for appellants. |

---

| | |
|---|---|
| **Attorneys for Appellee:** | Michelle L. Wesley and Thomas J.K. Schick, of Schain, Banks, Kenny & Schwartz, Ltd., of Chicago, for appellee. |

---